IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Case No. 07-cr-00403-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     SHAWN CAEKAERT,
2.     BENJAMIN FRESQUEZ,
3.     ELEANOR FRESQUEZ,
4.     GEORGE FRESQUEZ,
5.     MATTHEW FRESQUEZ,
6.     DAVID MICHAEL ROMERO,
7.     MICHAEL TOWNSEND, and
**9.**     **SAMUEL VIGIL,**

    Defendants.

---

## ORDER CLARIFYING SUPPLEMENTAL BRIEFING

---

This matter comes before the Court *sua sponte*.

At the change of plea hearing held today, May 15, 2008, the parties expressed concern about the interrelationship between an anticipated motion for departure brought pursuant to § 5K1.1 of the federal sentencing guidelines and the mandatory minimum sentence required on the anticipated count of conviction. They contend that 18 U.S.C. § 3553(e) dispositively empowers the Court to impose a sentence below the statutory minimum. The Court has requested briefing. This Order is issued in order to clarify the issues to be addressed.

Subsection (e) of § 3553, title 18, expressly authorizes a court to impose a sentence below a statutory minimum to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. However, such section also **requires** that "such sentence shall be imposed in accordance with the guidelines and the policy statements issued by the sentencing commission pursuant to section 994 of title 28, United States Code."

This subsection, obviously, was enacted and had clear meaning when the federal sentencing guidelines were mandatory. However, its meaning is not as clear in light of the advisory nature of the guidelines under *United States v. Booker,* 543 U.S. 220 (2005) and its progeny. In particular part, this subsection **requires** that a sentence imposed under it must comply with the federal sentencing guidelines. This gives rise to several questions.

(1) Is the requirement of 18 U.S.C. § 3553(e) that the sentence be imposed in accordance with the sentencing guidelines in conflict with the advisory nature of the guidelines since *Booker* and mandatory consideration of the objectives and factors in 18 U.S.C. § 3553(a)? If it is in conflict, is it void?

(2) If it is not void, does 18 U.S.C. § 3553(e) apply only if a guideline sentence is imposed? Does the determination of the § 5K1.1 motion under 18 U.S.C. § 3553(e) preclude mandatory consideration of the objectives and factors in 18 U.S.C. § 3553(a)?

(3) If not, and the Court engages in the guideline analysis, grants the § 5K1.1 motion, but rejects the imposition of a guideline sentence and instead imposes a variant sentence, can the variant sentence drop below the mandatory minimum? *See United States v. Terrell*, 445 F.3d

1261 (10th Cir. 2006); *Gall v. United States,* 128 S. Ct. 586, 596 (2007).

    Dated this 15th day of May, 2008

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge